UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIRK COTTOM, | ) | CASE NO. 4:20-cv-574 |
| | ) | |
| PETITIONER, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| WARDEN MARK WILLIAMS, | ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter is before the Court on the petition of *pro se* petitioner Kirk Cottom ("Cottom") pursuant to 28 U.S.C. § 2241. (Doc. 1.) Cottom is a federal prisoner incarcerated at Federal Correctional Institution ("FCI") Elkton.[1] In the petition, Cottom asks this Court to order respondent to transfer him "back to the Federal Satellite Low (FSL) from [FCI]" because his transfer to FCI violates the equal protection clause of the United States Constitution. (*Id.* at 1.[2]) Also before the Court is Cottom's motion to amend his habeas petition (Doc. 4), which is granted. In the amendment, Cottom cites the COVID-19 virus and the First Step Act as additional arguments that he be transferred to FSL or to home confinement. (*Id.* at 16-17.)

For the reasons that follow, the petition is dismissed.

---

[1] *See* https://www.bop.gov/inmateloc/.

[2] All page number references are to the page identification numbers generated by the Court's electronic docketing system.

A. **Standard of Review**

Title 28 U.S.C. § 2243 requires the Court to conduct an initial screening of Cottom's petition. *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). *Pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers and must be liberally construed. *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner,* 404 U.S. 519 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). This principle of liberal construction applies to petitions for a writ of habeas corpus. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). A petition will be denied "if it plainly appears from the petition … that the petitioner is not entitled to relief." Rule 4 of Rules Governing § 2254 in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

B. **Analysis**

Section 2241 grants federal courts the power to issue writs of habeas corpus to prisoners being held "in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). But federal prisoners must exhaust their administrative remedies before filing a § 2241 habeas petition. *See Bronson v. Carvaljal*, No. 4:20-CV-914, 2020 WL 2104542, at *2 (N.D. Ohio May 1, 2020) ("It is well settled in the Sixth Circuit that before a prisoner may seek habeas corpus relief under § 2241, he must first exhaust his administrative remedies.") (citing *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Graham v. Snyder*, 68 F. App'x 589, 590 (6th Cir. 2003); *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981)). The requirement of exhaustion applies equally to § 2241 petitions in which COVID-19 is the backdrop for the relief sought. *Id*. ("The Court has already considered the subject of exhaustion waiver against

the backdrop of the COVID-19 health crisis in the context of motions brought 28 U.S.C. § 3582 for compassionate release. There, the Court joined the majority of courts that have found that the exhaustion requirement contained in § 3582(c)(1)(A) could not be waived. … The Court finds that the prudential concerns surrounding the enforcement of the exhaustion requirement for motions brought pursuant to 28 U.S.C. § 3582 apply equally to habeas petitions seeking similar relief under 28 U.S.C. § 2241."). The same is true with respect to habeas relief sought in connection with the First Step Act. *See Washington v. Bureau of Prisons*, No. 1:19-CV-01066, 2019 WL 6255786, at *3 (N.D. Ohio July 3, 2019) (agreeing "with the sound reasoning of other district courts that Petitioner must first exhaust his administrative remedies before bringing a § 2241 petition, and that the provisions of the First Step Act do not alter this requirement or render the requirement futile[,]" and recommending dismissal of petition without prejudice on this and other bases) (collecting cases), *report and recommendation adopted,* No. 1:19CV1066, 2019 WL 6251777 (N.D. Ohio Nov. 22, 2019).

Cottom does not allege, nor can the Court infer from the allegations in the petition, that he has exhausted his administrative remedies with respect to his claims for relief. Indeed, it appears that Cottom may be alleging that he has not exhausted his administrative remedies in that he has appealed a conviction based upon an incident report and expects to prevail. (*See* Doc. 4 at 16 ("On April 8, 2020 petitioner appealed his IDP "conviction" for Incident Report No. 3354347 received on March 25, 2020. (that he might win)".) Accordingly, the petition is dismissed without prejudice.

### C. Conclusion

For all the foregoing reasons, Cottom's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, as amended, is denied and dismissed without prejudice pursuant to 28 U.S.C. § 2243.

Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: June 3, 2020                                      S/Pamela A. Barker
                                                        Pamela A. Barker
                                                        U.S. District Judge